DEISCH v. WOOTEN-AGEE COMPANY.

Opinion delivered May 30, 1910.

1. PAYMENT—MISTAKE OF FACT—RECOVERY.—A payment made under a mistake of fact may be recovered unless the payee has changed his position to his prejudice and cannot be put *in statu quo* by the payer. (Page 280.)

2. SAME—WHEN RECOVERABLE.—Where a purchaser of a tenant's crop by mistake drew a check to his landlord for more than was due, the fact that the landlord had given the tenant credit for such excess before he was informed of the mistake did not change the landlord's position to his prejudice, nor deprive the purchaser of the right to recover such overpayment. (Page 280.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*Fink & Dinning,* for appellant.

The statute giving a landlord a lien on the crop of his tenant is in derogation of the common law, and is strictly construed. 163 Ill. 646; 52 Ala. 223; 69 Ala. 590; 113 Ala. 592. The lien is not enforceable for supplies against an innocent of the crops from his tenant. 67 Ark. 362; 31 Ark. 131; 44 Ark. 111; 36 Ark. 572; *Id.* 575. Not after six months. 67 Ark. 455. The landlord can not sue a trespasser for damage to the crop of his tenant. 63 Ark. 536. The property is in the tenant. 24 Ark. 545; 6 Yerg. 252; 29 Ark. 577; 38 Ark. 246; 60 Ark. 361.

*John I. Moore* and *J. M. Vineyard,* for appellee.

Appellant should, as soon as he found he had made the mistake, have charged the amount back to Young's account. 49 Ark. 425.

HART, J. This case was commenced in a justice of the peace court, and is here on appeal from the circuit court, where the case was tried *de novo* on appeal from the justice's court. The facts are as follows:

Peter Mengoz died testate in April, 1908, owning certain lands in Phillips County, Arkansas, and the appellant, Peter Deisch, qualified as executor under the terms of his will. Steve Young was one of the tenants on the place at the date of the death of Mengoz, and continued to work and gather his crop, the probate court having made an order authorizing and directing said executor to furnish the tenants with necessary supplies, which was done by him. In October, 1908, with the consent of the executor, Young sold to the appellee, Wooten-Agee Company, nine bales of cotton which he had grown on said lands, and it paid for the same by a check drawn in favor of said Peter Deisch. Through an error in computing the amount due for the cotton, the check was made for $9.30 too much, which sum appellee seeks in this action to recover from appellant. Appellee, when it bought the cotton, was advised and believed that Young was a tenant of said Peter Deisch. When discovering its mistake, appellee wrote to Peter Deisch informing him of that fact and demanding a return of the amount overpaid. Deisch recognized the fact that he had been overpaid, but refused to return the amount, $9.30, on the ground that he had credited the account of Young with it before he was informed of the mistake having been made.

Under this state of facts the circuit court directed a verdict in favor of appellee for the sum of $9.30, the amount so overpaid. The action of the court was right.

The undisputed evidence shows the sum of $9.30 more than was due was paid through a mistake of fact. Appellee was advised by Young that he was a tenant of appellant, and was selling the cotton with his permission; and for that reason the check was made payable to appellant. Repayment of the excess was demanded before there was any change of position to his prejudice on the part of appellant. The mere fact that he had credited Young's account with it did not change his position to his prejudice; for that was a mistake which, like any other mistake in the account, could have been corrected. It is only where "the payee has changed his position to his prejudice because thereof and can not be put *in statu quo* by the payer," that money paid under a mistake of fact can not be recovered. 30 Cyc. 1321.

The judgment will be affirmed.